## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**IVORY BURKS,**                                            **CIVIL ACTION**

    **Plaintiff**

**VERSUS**                                                 **NO. 13-6490**

**STATE FARM FIRE AND**                                    **SECTION "E"**
**CASUALTY COMPANY, et al.**

    **Defendants**

### ORDER & REASONS

The Court has before it a motion for summary judgment filed by Defendant FEMA, which Plaintiff Ivory Burks opposes.[1]  The Court has reviewed the briefs and the law and now issues this Order and Reasons denying the motion for summary judgment.

### BACKGROUND

This case arises out of a Standard Flood Insurance Policy ("SFIP") issued by FEMA insuring Plaintiff's home in LaPlace, Louisiana.[2]  After his home was damaged in Hurricane Isaac, Plaintiff timely notified FEMA of the loss and FEMA sent an independent adjuster to inspect the property.  Initially, the adjuster recommended a total payment of $54,988.21, divided between the various coverages available under the policy.  On October 8, 2012, Plaintiff signed and submitted two signed and sworn proofs of loss for a total of $54,988.21, as recommended by the adjuster.  On both proofs of loss, Plaintiff handwrote at the bottom of the page that the claims were "interim" and for the "uncontested amount" only.  It is undisputed that FEMA paid the $54,988.21 covered by these two sworn proofs of loss by

---

[1]R. Docs. 11, 15.

[2]With one notable exception discussed below, the facts are largely undisputed.

checks issued on October 17, 2012.

At some point, Plaintiff retained the services of ProClaim, a public adjuster. Plaintiff submits an affidavit from the owner of ProClaim, Michael Michio, asserting that on October 10, 2012, he sent a third proof of loss, signed by Plaintiff, claiming $303,429.00 in additional payments.[3]  The affidavit (1) includes what appears to be a copy of a signed, sworn proof of loss dated October 10, 2012, and (2) details the steps taken to fax that proof of loss to FEMA.[4]  FEMA's records apparently contain no record of receipt of this October 10, 2012 proof of loss.[5]  Thus, there is a genuine fact question surrounding the October 10, 2012, proof of loss.

Subsequently, FEMA's independent adjuster and Plaintiff's public adjuster met, which led to a recommendation of an additional payment of $32,983.98.  Plaintiff submitted another sworn proof of loss (either the third or fourth) dated November 30, 2012 for $32,983.98, without any handwritten annotation.  FEMA timely paid the full $32,983.98 claimed in that proof of loss.

To reiterate: according to FEMA, Plaintiff submitted three sworn proofs of loss, all of which were paid in full.  According to Plaintiff and his public adjuster, Plaintiff submitted a fourth sworn proof of loss, dated October 10, 2012, which was never acted upon by FEMA.

## STANDARD

A motion challenging an insured's compliance with the SFIP proof-of-loss requirement is "inseparable  from the merits" and therefore treated as a motion for

---

[3]R. Doc. 15-1 at 2, ¶ 5.

[4]R. Doc. 15-1 at p. 2, ¶¶ 6-8; p. 78.

[5]R. Doc. 11-2 at ¶ 17.

summary judgment where, as here, it depends on matters outside the pleadings. *See Reeves v. Guiffrida*, 756 F.2d 1141, 1143 (5th Cir. 1985). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Id.* at 322-23. Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324.

If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim. *See Celotex*, 477 U.S. at 325. The nonmoving party must then respond, either by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party" or by coming forward with additional evidence. *Celotex*, 477 U.S. at 332-33 & 333 n.3.

"An issue is material if its resolution could affect the outcome of the action."

*DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).  When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000).  All reasonable inferences are drawn in favor of the non-moving party.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.  *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## ANALYSIS

Flood insurance policies issued pursuant to the National Flood Insurance Program, such as Plaintiff's policy in this case, are in the form of the SFIP.  *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).  "[N]o provision of the [SFIP] can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator."  *Id.* The policy requires insureds to submit proofs of loss containing, *inter alia*, a sworn "statement of the amount you are claiming under the policy":

> In case of a flood loss to insured property, you must:
> ...
> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of ***the amount you are claiming*** under the policy signed and sworn to by you, and which furnishes us with [specified information regarding the claim].
> 5.  In completing the proof of loss, you must use your own judgment concerning ***the amount*** of the loss and justify ***that amount***.

44 C.F.R. pt. 61, App. A(1), art. VII(J) (emphasis added). The SFIP explicitly warns

4

policyholders that "[y]ou may not sue us to recover money under this policy unless you have complied with all the requirements of the policy." *Id.* at art. VII(R).

"[S]trict adherence is required to all terms of the SFIP." *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998).  In particular, "failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland*, 143 F.3d at 954.  Thus, it is well settled that "an insured must file a sworn proof of loss before seeking damages in excess of the amount paid by the insurer." *Kidd v. State Farm Fire & Cas. Co.*, 392 F. App'x 241, 244 (5th Cir. 2010).

Defendant's argument for summary judgment is straightforward.  According to FEMA's records, Plaintiff submitted only three sworn proofs of loss for specific amounts and he was paid in full for the amounts he claimed in all three proofs of loss.  Without having filed an additional proof of loss claiming any additional amounts, Defendant argues, Plaintiff has not complied with the requirements of the SFIP and he cannot bring this lawsuit for additional payment under his policy.  In response, Plaintiff contends that the ***four*** proofs of loss he submitted "gave FEMA sufficient information to meaningfully evaluate" his claim, which satisfies the requirements of the SFIP.

There is a genuine factual dispute as to whether a fourth sworn proof of loss was submitted.  The affidavit from FEMA's expert, based on his review of the NFIP system of records, reports only three proofs of loss, all of which were paid.  Plaintiff's public adjuster asserts that a fourth proof of loss was submitted by fax on October 12, 2012, and he provides what appears to be a copy of that submission.  This Court must resolve all factual disputes in favor of Plaintiff, so the Court assumes for the purposes of this summary

judgment motion that the October 12, 2012 proof of loss was submitted.  The October 12, 2012 proof of loss claimed $303,429.00 under the policy, which exceeds the combined total paid pursuant to the other three proofs of loss.  Nothing in the record suggests FEMA responded to the October 12, 2012 proof of loss.  Therefore, there is a fact question whether Plaintiff submitted a sworn proof of loss claiming amounts which FEMA never paid, which would satisfy the SFIP requirements for bringing suit.

Because of the fact questions regarding the existence, transmission, receipt, and sufficiency of the October 12, 2012 proof of loss, summary judgment on the grounds articulated by FEMA in its motion is inappropriate at this time.

**IT IS ORDERED** that FEMA's motion for summary judgment is **DENIED**.

**New Orleans, Louisiana, this 14th day of April, 2014.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**